## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCAR BROWN, individually and on behalf of all others similarly situated, | Civil Action No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| WESTERN DIGITAL CORPORATION, | |
| Defendant. | |

Plaintiff Oscar Brown ("Plaintiff"), by and through his attorneys, brings this action on behalf of himself and all others similarly situated against Defendant Western Digital Corporation ("Western Digital" or "Defendant").  Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge,.

## NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of purchasers of the following Western Digital hard drives:  WD Blue 3.5" 2 terabyte (WD20EZAZ), WD Blue 3.5" 6 terabyte (WD60EZAZ), WD Blue 2.5" 1 terabyte (WD10SPZX), WD Blue 2.5" 2 terabyte (WD20SPZX) (collectively, the "WD Blue Drives"), and WD Black 2.5" 1 terabyte WD10SPSX (the "WD Black Drives") (collectively, the "Hard Drives" or the "Products").

2.      Defendant has failed to disclose that the Hard Drives utilize Shingle Magnetic Recording ("SMR") technology, which results in slower performance and inferior stability compared to higher-performance Conventional Magnetic Recording ("CMR") technology.

3.      Defendant previously utilized CMR technology in the Hard Drives, but surreptitiously switched to SMR technology in the last several years without disclosing this change to consumers.

4.     This inferior technology is cheaper to manufacture for Defendant.  But despite the downgrade, the pricing for the Hard Drives has remained the same.

5.     In this regard, Defendant was able to increase its profits by reducing its costs of goods sold while still bringing in the same amount of revenue for each of the Hard Drives sold.

6.     Had Defendant disclosed that the Hard Drives use SMR technology, Plaintiff and putative Class members would not have purchased the Hard Drives, or would have paid less for the Hard Drives than they did.

7.     Plaintiff and Class members were accordingly injured by the price premium they paid for inferior hard drives.

## BACKGROUND

### I.     OVERVIEW OF HARD DRIVE TECHNOLOGY

8.     A hard drive disk ("HDD") is a form of magnetic mass storage.  Each hard drive contains a stack of circular plates of magnetic material called "platters," divided into billions of tiny areas called "bits" that can be independently magnetized (to store a 1) or demagnetized (to store a 0).  Data is "read" (retrieved) or "written" (recorded) onto an HDD by converting strings of bits into electrical current fed through an electromagnet that changes the magnetization of each bit.  Once the information is written onto the HDD, the HDD uses a magnetic reader to turn the data back into a useful form (the file to be stored or retrieved), much like a record player's needle translates a record's grooves into music.[1]

9.     To store the amount of data that HDDs store today, the HDDs must contain billions of bits.  Thus, "areal density" comes into play, which is the number of bits of data that

---

[1] Kanawat Senanan, *How do Hard Drives Work?*, TED-ED, https://www.youtube.com/watch?v=wteUW2sL7bc (last accessed June 11, 2020); How a Hard Disk Drive Works, SEAGATE, https://www.youtube.com/watch?v=NtPc0jI21i0 (last accessed June 12, 2020).

can be recorded onto a platter and is measured by the number of bits or gigabits (one billion bits) per square inch.  Higher areal density values allow for greater storage using the same amount of disk space.[2]

10.     There are several methods that exist to read and write data to HDDs and maximize areal density.  The first of these is Perpendicular or Conventional Magnetic Recording ("CMR").  CMR "works by aligning the poles of the magnetic elements, which represent bits of data, perpendicularly to the surface of the disk.  Magnetic tracks are written side-by-side, without overlapping."[3]



11.     CMR HDDs "delivery excellent random-access performance," and are as such "widely used not only in PCs but also for online storage applications."[4]  CMR is used in most standard HDDs.[5]

---

[2] *What are PMR and SMR Hard Disk Drives?*, SYNOLOGY, https://www.synology.com/en-us/knowledgebase/DSM/tutorial/Storage/PMR_SMR_hard_disk_drives (last accessed June 11, 2020).

[3] *Id*.

[4] Shimomura Kazuhito, *Shingled Magnetic Recording Technologies for Large-Capacity Hard Disk Drives*, 1 TOSHIBA REVIEW GLOBAL EDITION 33, 33 (2015), https://www.toshiba.co.jp/tech/review/en/01_02/pdf/a08.pdf (last accessed June 11, 2020).

[5] Joel Hruska, *Western Digital, Seagate Are Shipping Slow SMR Drives Without Informing Customers: Reports*, EXTREMETECH, Apr. 14, 2020,

12.     Another method of reading and writing data is Shingled Magnetic Recording ("SMR").  "Rather than writing each magnetic track without overlapping, SMR overlaps each new track with part of the previously written track, much like shingles on a roof.  By overlapping the tracks, write heads become thinner, thus expanding areal density."[6]



13.     SMR thus allows for low-cost, high-capacity HDDs.[7]  "However, if new (or modified) data needs to be placed near existing data, the drive will have to overwrite the neighboring shingled tracks … That makes [SMR] drive[s] significantly slower at writing tasks, especially for random writes."[8]

14.     In addition, the design of SMR drives makes permanent data loss more likely. Whereas data engineers can rebuild certain components on other storage types and recover lost

---

https://www.extremetech.com/computing/309389-western-digital-seagate-reportedly-shipping-slow-smr-drives-without-informing-customers (last accessed June 11, 2020)

[6] *What are PMR and SMR Hard Disk Drives?*, SYNOLOGY.

[7] *Shingled Magnetic Recording Technologies for Large-Capacity Hard Disk Drives*, 1 TOSHIBA REVIEW GLOBAL EDITION at 33.

[8] Paul Alcorn, *Western Digital Fesses Up: Some Red HDDs Use Slow SMR Tech Without Disclosure*, TOM'S HARDWARE, Apr. 14, 2020, https://www.tomshardware.com/news/wd-fesses-up-some-red-hdds-use-slow-smr-tech (last accessed June 12, 2020).

data, the SMR data translators cannot be repaired.  This can result in permanent data loss if the translators are damaged.[9]

15.     In short, while SMR HDDs boast high areal density, they are at a disadvantage in nearly every other category.[10]  For these reasons, SMR HDDs are typically only used "for cold data storage, like archives and backups, because of their poor performance,"[11] and are typically marked as "archival" to designate the use of the technology.[12]  SMR HDDs are not recommended for use by the ordinary consumer.[13]

## II.     WESTERN DIGITAL'S FRAUDULENT OMISSIONS

16.     Western Digital is one of the largest computer HDD manufacturers in the United States.

17.     Western Digital markets its hard drives series by color.  The WD Black Drives are "comprised of the performance oriented consumer drives.  WD Black Drives are aimed at high capacity with the fastest possible throughput."[14]

18.     Western Digital advertises its WD Black Drives as having "[s]ophisticated performance-enhancing features [that] deliver the speed you need for demanding applications

---

[9] David Blizzard, *WD Shingled Magnetic Recording – New Road Blocks For Data Recovery Pros*, BLIZZARD DATA RECOVERY, https://www.blizzarddr.com/wd-smr-translation-new-road-blocks/ (last accessed June 12, 2020).

[10] Joel Hruska, *Western Digital, Seagate Are Shipping Slow SMR Drives Without Informing Customers: Reports*.

[11] Paul Alcorn, *Western Digital Fesses Up: Some Red HDDs Use Slow SMR Tech Without Disclosure*.

[12] Jim Salter, *Buyer Beware—That 2TB-6TB "NAS" Drive You've Been Eyeing Might be SMR*, ARS TECHNICA, Apr. 17, 2020, https://arstechnica.com/gadgets/2020/04/caveat-emptor-smr-disks-are-being-submarined-into-unexpected-channels/ (last accessed June 12, 2020).

[13] *Id.*

[14] Eric Hamilton, *WD Blue vs. Black vs. Red & Purple HDD & SSD Differences (2017)*, GAMERS NEXUS, Feb. 8, 2017, https://www.gamersnexus.net/guides/2796-wd-blue-vs-black-vs-red-in-2017 (last accessed June 12, 2020).

like photo and video editing and internet gaming."  Western Digital claims the WD Black Drives

offer "[h]igh performance, high capacity, high reliability, and cutting-edge technology."[15]

19.     The WD Blue Drives are "aimed at mixing high capacity, fast sequential

write/read speeds, and affordability.  These drives are primarily aimed at everyday computing

and basic media consumption; they are the jumping-off point for the average customer."[16]

20.     Western Digital advertises its WD Blue Drives as "offer[ing] the features that are

ideal for your everyday mobile computing needs."[17]

21.     Western Digital maintained that most of its drives were CMR-based until April

2020.  Even as late as March 2020, Yemi Elegunde, an enterprise and channel sales manager for

Western Digital UK claimed:

> "The only SMR drive that Western Digital will have in production is our 20TB hard
> enterprise hard drives and even these will not be rolled out into the channel.  <u>All of
> our current range of hard drives are based on CMR Conventional Magnetic
> Recording.</u>  With SMR Western Digital would make it very clear as that format of
> hard drive requires a lot of technological tweaks in customer systems."[18]

22.     Consumers were not aware that the Hard Drives utilized SMR technology.  Only

Western Digital knew that the Hard Drives used SMR technology.

---

[15] WD BLACK PERFORMANCE MOBILE HARD DRIVE,
https://shop.westerndigital.com/products/internal-drives/wd-black-mobile-sata-hdd#WD10SPSX
(last accessed June 12, 2020).

[16] Eric Hamilton, *WD Blue vs. Black vs. Red & Purple HDD & SSD Differences (2017)*.

[17] WD BLUE PC MOBILE HARD DRIVE, https://shop.westerndigital.com/products/internal-drives/wd-blue-mobile-sata-hdd#WD20SPZX (last accessed June 12, 2020).

[18] Jim Salter, *Buyer Beware—That 2TB-6TB "NAS" Drive You've Been Eyeing Might be SMR*
(emphasis added).

23.     In April 2020, Western Digital admitted that the following drives utilize SMR technology:[19]



24.     The use of SMR technology in WD Black Drives is particularly egregious because, as noted above, the WD Black Drives are designed for "high-performance users."[20]  As Joel Hruska writes on the tech blog, ExtremeTech:

> Selling an SMR drive in the WD Black line is an insult to the product. When Western Digital created its initial color-based branding, WD Black hard drives were supposed to sit at the top of the stack.[21]

//

//

//

//

---

[19] Paul Alcorn, *WD Sets the Record Straight: Lists All Drives that Use Slower SMR Tech*, TOM'S HARDWARE, Apr. 23, 2020, https://www.tomshardware.com/news/wd-lists-all-drives-slower-smr-techNOLOGY (last accessed June 12, 2020).

[20] *Id*.

[21] Joel Hruska, *Western Digital Comes Clean, Shares Which Hard Drives Use SMR*, EXTREMETECH, Apr. 24, 2020, https://www.extremetech.com/computing/309730-western-digital-comes-clean-shares-which-hard-drives-use-smr (last accessed June 12, 2020).

25.     Consumers have likewise excoriated Western Digital for its failure to disclose that

the Hard Drives use SMR technology[22]:

Buzzard 43 points · 1 month ago

> High performance, high capacity, high reliability; the ideal drive for those who demand the best.

WD management deserves to be fired.

firefox57endofaddons 25 points · 1 month ago

have they completely lost their mind now?

selling SMR drives for NAS usage.

and there was 0 mention, that they are SMR drives, not even in their data sheets.

those lying misleading data destroying monsters at WD.

ShadowsSheddingSkin 6 points · 1 month ago · edited 1 month ago

It's pretty insane that they're selling blues and blacks with SMR drives inside and their public response is that all of this is the fault of the users for expecting drives to perform outside of their intended purpose.

Yeah, I guess I must have unrealistic expectations about a drive in the class that is supposed to represent their premium high-performance line performing better than what I could get by taking apart broken laptops from 2009. How silly of me.

reacher679 🔑 8 points · 1 month ago

For me the biggest disappointment is the fact that there is at least one Black SMR drive. That line is always supposed to represent the highest quality and performance out of their hard drives.

---

[22] FYI – WESTERN DIGITAL SMR HDDS, REDDIT,
https://www.reddit.com/r/DataHoarder/comments/g7m542/fyi_western_digital_smr_hdds/ (last accessed June 15, 2020).

Neat_Onion  **250TB**  5 points · 1 month ago · *edited 1 month ago*

Can't believe a Black hard drive is on the list. Western Digital should be ashamed.

Black drives should represent no compromise performance.

▲  **reacher679** 🔑  3 points · 1 month ago
▼  Agreed! So frustrating

26.     Further, even though SMR HDDs are cheaper to produce, Western Digital is not passing those savings onto consumers.[23]  For instance, in January 2020, prior to disclosing that its WD Black Drives use SMR technology, Western Digital sold the WD Black Drives for approximately $69.[24]  Yet, since disclosing the WD Black Drives use the inferior SMR technology, Western Digital is <u>still</u> selling the WD Black Drives for $69[25]:



---

[23] Paul Alcorn, *Western Digital Fesses Up: Some Red HDDs Use Slow SMR Tech Without Disclosure.*

[24] WD BLACK PERFORMANCE MOBILE HARD DRIVE, WAYBACK MACHINE, https://web.archive.org/web/20200104165130/https://shop.westerndigital.com/products/internal-drives/wd-black-mobile-sata-hdd#WD10SPSX (last accessed June 15, 2020).

[25] WD BLACK PERFORMANCE MOBILE HARD DRIVE, https://shop.westerndigital.com/products/internal-drives/wd-black-mobile-sata-hdd#WD10SPSX (last accessed June 15, 2020).





27.    In short, Plaintiff and Class members who purchased the WD Black Drives or WD Blue Drives were not told that the Hard Drives use SMR technology, which affects drive performance and data stability.  These consumers paid a price premium for drives they believed used CMR technology, which offers better performance.  Had Western Digital disclosed that the Hard Drives use SMR technology, Plaintiff and Class members would not have purchased the Hard Drives, or would have paid less for the Hard Drives.

28.    Plaintiff brings this action on behalf of the Class for equitable relief and to recover damages and restitution for: (i) violation of New York General Business Law ("GBL") § 349, (ii) violation of GBL § 350, (iii) fraudulent concealment, and (iv) unjust enrichment.

## PARTIES

29.    Plaintiff Oscar Brown is a citizen of New York who resides in Manhattan.  In or about October 2019, Mr. Brown purchased three WD Black Drives from B&H Photo in Manhattan for approximately $100 each.  When deciding which hard drive to purchase, Mr. Brown was particularly concerned with hard drive performance.  Mr. Brown was aware that the WD Black Drives were advertised as having "[s]ophisticated performance-enhancing features

[that] deliver the speed you need for demanding applications like photo and video editing and internet gaming," and offering "[h]igh performance, high capacity, high reliability, and cutting-edge technology."  Prior to purchase, Mr. Brown carefully reviewed the labeling on WD Black Drives' packaging, and saw no representations that the WD Black Drives use SMR technology. Had Defendant disclosed that the WD Black Drives use SMR technology, Mr. Brown would have been aware of that fact and would not have purchased the WD Black Drives at all, or would have only been willing to pay a substantially reduced price for the WD Black Drives.  Mr. Brown used the WD Black Drives as directed, but all three failed in or about December 2019 due to logic board errors.  Because the WD Black Drives use SMR technology, it was impossible to repair the WD Black Drives, and Mr. Brown lost 3 terabytes of data.

30.     Defendant Western Digital Corporation is a Delaware corporation with its principal place of business at 5601 Great Oaks Parkway, San Jose, California 95119.  Western Digital distributes Hard Drives throughout the United States, and specifically in the State of New York.

## JURISDICTION AND VENUE

31.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

32.     This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of this forum by engaging in suit-related conduct in this District.

33.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business throughout this District and the events or omissions giving rise to this action occurred in this District.

## CLASS REPRESENTATION ALLEGATIONS

34.     Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Hard Drives (collectively, the "Class").  Excluded from the Class are persons who made such purchase for purpose of resale.

35.     Plaintiff also seeks to represent a subclass defined as all Class members who purchased the Hard Drives in New York (the "New York Subclass").

36.     Collectively, the Class and the New York Subclass shall be referred to as the "Classes."

37.     **Numerosity.**  Members of the Classes are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the millions.  The precise number of members of the Class and Subclass and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Members of the Class and Subclass may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

38.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and subclass and predominate over questions affecting only individual members of the Class and subclass.  Common legal and factual questions include, but are not limited to:

(a)     Whether Defendant's failure to disclose the presence of SMR technology in the Hard Drives is a material omission;

(b)     Whether Defendant had a duty to disclose the presence of SMR technology in the Hard Drives;

(c)     whether Defendant is liable to Plaintiff and the Classes for unjust enrichment;

(d)     whether Plaintiff and the Class have sustained monetary loss and the proper measure of their losses;

(e)     whether Plaintiff and the Class and Subclass are entitled to declaratory and injunctive relief; and

(f)     whether Plaintiff and the Class and Subclass are entitled to restitution and disgorgement from Defendant.

39.     **Typicality.**  The claims of the named Plaintiff are typical of the claims of the Class and Subclass in that the named Plaintiff was exposed to Defendant's misleading marketing and promotional materials and representations, purchased the Hard Drives without knowledge that they use SMR technology, and suffered a loss as a result of that purchase.

40.     **Adequacy of Representation.**  Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the members of the Classes he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

41.     **Superiority.**  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Class and subclass.  Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single

court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation Of New York General Business Law § 349
### (On Behalf Of The New York Subclass)

42.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

43.     Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendant.

44.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by failing to disclose that the Hard Drives use SMR technology.

45.     The foregoing deceptive acts and practices were directed at consumers.

46.     The foregoing deceptive acts and practices are misleading in a material way because SMR technology has inferior speed (performance) and data security to standard CMR technology used in most consumer-grade HDDs.  Accordingly, Defendant's omission was material to Plaintiff and members of the New York Subclass.

47.     Defendant alone possessed the knowledge that the Hard Drives use SMR technology, and did not provide that information to consumers until April 2020.

48.     Plaintiff and members of the New York Subclass were injured as a result because (a) they would not have purchased the Hard Drives if they had known that the Hard Drives use SMR technology, and (b) they overpaid for the Hard Drives on account of Defendant's failure to disclose that the Hard Drives use SMR technology.

49.     On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT II
### Violation Of New York General Business Law § 350
### (On Behalf Of The New York Subclass)

50.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

51.     Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendant.

52.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way, which constitutes false advertising in violation of Section 350 of the New York General Business Law, by failing to disclose that the Hard Drives use SMR technology.

53.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

54.     This omission has resulted in consumer injury or harm to the public interest.

55.     Defendant alone possessed the knowledge that the Hard Drives use SMR technology, and did not provide that information to consumers until April 2020.

56.     As a result of this omission, Plaintiff and members of the New York Subclass have suffered economic injury because (a) they would not have purchased the Hard Drives if they had known that the Hard Drives use SMR technology, and (b) they overpaid for the Hard Drives on account of Defendant's failure to disclose that the Hard Drives use SMR technology.

57.     On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT III
### Fraudulent Concealment
### (On Behalf Of The Nationwide Class)

58.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendant.

60.     Defendant had a duty to disclose material facts to Plaintiff and the Class, namely that Defendant were in fact manufacturing, distributing, and selling the Hard Drives with SMR technology without disclosing as much, because Defendant had superior knowledge such that the transactions without the disclosure were rendered inherently unfair.

61.     Defendant possessed knowledge of these material facts.  During this time, Plaintiff and members of the Classes were using the Hard Drives without knowing the Hard Drives used SMR technology, nor was such knowledge readily available to Plaintiff and members of the Class.

62.     Defendant failed to discharge its duty to disclose these materials facts.

63.     In so failing to disclose these material facts to Plaintiff and the Class, Defendant intended to hide from Plaintiff and the Class that the Hard Drives they were purchasing used SMR technology, and thus acted with scienter and/or an intent to defraud.

64.     Defendant knew that Plaintiff and members of the Class were acting on the basis of Defendant's failure to disclose that the Hard Drives used SMR technology.

65.     Plaintiff and the Class reasonably relied on Defendant's failure to disclose insofar as they would not have purchased the Hard Drives sold by Defendant had they known the Hard Drives used SMR technology.

66.     As a direct and proximate cause of Defendant's fraudulent concealment, Plaintiff

and the Class suffered damages in the amount of price premium paid for the Hard Drives that

Plaintiff and the Class believed did not use SMR technology.

67.     As a result of Defendant's willful and malicious conduct, punitive damages are

warranted.

**COUNT IV**
**Unjust Enrichment**
**(On Behalf Of The Classes)**

68.     Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

69.     Plaintiff brings this claim individually and on behalf of the members of the

proposed Class and New York Subclass against Defendant.

70.     Plaintiff and the Class members conferred a benefit on Defendant in the form of

monies paid to purchase Defendant's Hard Drives.

71.     Defendant is aware of this benefit.

72.     Defendant voluntarily accepted and retained this benefit.

73.     Defendant has been unjustly enriched in retaining the revenues derived from

Plaintiff's and Class members' purchases of Hard Drives.  Retention of those monies under these

circumstances is unjust and inequitable because Defendant failed to disclose that the Hard Drives

use SMR technology.

74.     Because Defendant's retention of the non-gratuitous benefits conferred on it by

Plaintiff and members of the Classes is unjust and inequitable, Defendant must pay restitution to

Plaintiff and the members of the Class and subclass for their unjust enrichment, as ordered by the

Court.

## RELIEF DEMANDED

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks

judgment against Defendant, as follows:

(a)   For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and New York Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and New York Subclass;

(b)   For an order declaring the Defendant's conduct violates the statutes referenced herein;

(c)   For an order finding in favor of Plaintiff and the Class and New York Subclass on all counts asserted herein;

(d)   For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)   For prejudgment interest on all amounts awarded;

(f)   For an order of restitution and all other forms of equitable monetary relief;

(g)   For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

(h)   For an order awarding Plaintiff and the Class and New York Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

and all issues in this action so triable of right.

Dated:  June 16, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  */s/ Yitzchak Kopel*
       Yitzchak Kopel

Yitzchak Kopel
Alec M. Leslie
Max S. Roberts
888 Seventh Avenue, Third Floor
New York, NY 10019

18

Telephone:  (646) 837-7150
Facsimile:   (212) 989-9163
E-Mail:  ykopel@bursor.com
            aleslie@bursor.com
            mroberts@bursor.com

*Attorneys for Plaintiff*