*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TROMBLE, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> WESTERN DIGITAL CORPORATION, <br><br> Defendant. | Case No. 4:20-cv-08102-YGR <br><br> **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> Re: Dkt. Nos. 62, 63 |

Before the Court is defendant Western Digital Corporation's motion to dismiss the operative first amended class action complaint filed by plaintiff Edward Tromble. (Dkt. Nos. 62 (mistaken filing), 63 (motion to dismiss).) Tromble brings four counts against Western Digital, which manufactures hard drives, based on an alleged failure to disclose that its hard drives utilize Shingle Magnetic Recording ("SMR") technology instead of Conventional Magnetic Recording ("CMR") technology. These four counts include violation of (1) N.Y. Gen. Bus. Law ("GBL") § 349 (for a New York subclass); (2) N.Y. GBL § 350 (for a New York subclass); (3) fraudulent concealment (for a nationwide class); and (4) unjust enrichment (for a nationwide class).

Having reviewed the motion to dismiss and the parties' briefing, the Court **GRANTS** the motion to dismiss.[1] Because the Court has determined that it is appropriate to provide leave to amend, the Court issues this summary order in lieu of a comprehensive order. Thus:[2]

---

[1] The motion hearing set for June 1, 2021 is **VACATED**.

[2] The Court **GRANTS** Tromble's unopposed request for judicial notice of Western Digital's webpages. *See Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned … and the Court does so here.") (internal citations omitted).

The standards for a motion to dismiss brought under Rules 12(b)(1) and 12(b)(6) are well known and not in dispute.

**<u>N.Y. GBL 349 and 350</u>**

- These claims are **DISMISSED WITH LEAVE TO AMEND**.
- In general, a viable claim under GBL Sections 349 or 350 requires that a plaintiff "'allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Clark v. Hershey Co.*, No. C 18-06113 WHA, 2019 WL 913603, at *5 (N.D. Cal. Feb. 25, 2019) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 967 (2012)); *see also Heskiaoff v. Sling Media, Inc.*, 719 F. App'x 28, 31 (2d Cir. 2017). Such claims may be based on either a misrepresentation or omission, but an omission is actionable only if it is "materially misleading" to a reasonable consumer. *Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, 875 F.3d 107, 124 (2d. Cir. 2017) (holding that adoption of an objective standard, decidable on a motion to dismiss, was intended to avoid "a tidal wave of litigation against businesses that was not intended by the Legislature") (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995)). A plaintiff must allege facts that plausibly show that a "significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled by the relevant statements[]' or omissions." *Rothschild v. GM LLC*, 2020 U.S. Dist. LEXIS 187300, *34 (E.D.N.Y. Sept. 30, 2020) (citations omitted). Under the analogous California state law, a change in components does not support a product defect action. *See, e.g.*, *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1270 (2006) (failure to disclose the use of less expensive and less durable materials in the manufacture of vehicles alone does not give rise to a consumer protection claim).
- Here, Tromble's allegations are deficient in establishing that the alleged omission regarding the SMR and CMR technology at issue. As Western Digital correctly notes, Tromble points to no packaging or advertising containing any representations as to either

technology in its hard drives. Moreover, Tromble does not allege any reasonable expectation by consumers generally as to the type of drive technology employed in hard drives (*e.g.*, whether a significant portion of the general consuming public would have had any beliefs, at the time of purchase, about whether the drives they purchased used CMR technology or did not). Tromble further does not allege any specific defect in the use of SMR technology in the hard drives, other than to allege that they are inferior to CMR technology. Finally, Tromble notably does not allege that he has experienced while using Western Digital's products any of the negatives he alleges which result from SMR technology (*e.g.* slower performance, inferior stability, permanent data loss).[3]

- The Court provides leave to amend to address the above deficient allegations.

**Nationwide Claims (Fraudulent Concealment and Unjust Enrichment)**

- These claims are **DISMISSED WITH LEAVE TO AMEND**.
- Here, Tromble has not sufficiently alleged the state laws in which the common law claims are grounded. *See Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016) ("[D]ue to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal.").[4] Moreover, as the Court reminded Tromble's counsel in another consumer product class action: "while the Court agrees that whether a nationwide class claim can be stated is typically addressed during class certification, they have been routinely narrowed after the Ninth Circuit's ruling in *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581 (2012)." *Keller v. CamelBak Products, LLC*, 4:20-cv-232-YGR, 2020 WL 2793894, at *3 n.2 (N.D.

---

[3] The Court declines to consider Western Digital's extended arguments at this time in this summary order. Tromble is directed however to consider the arguments raised in Western Digital's extended arguments as to these claims in drafting a second amended class action complaint.

[4] Tromble's citation to *In re: Lithium Ion Batteries Antitrust Litig.*, 13-MD-2420-YGR, 2016 WL 948874, at *4 (N.D. Cal. Mar. 14, 2016), does not persuade. In *Lithium Ion*, the parties there identified "certain state" or "specified state law claims." *Id.* Moreover, the Court required a plaintiff to be identified for every state represented. *Id.* Here, Tromble fails to identify which state laws apply to the purported class action common law claims. Thus, *Lithium Ion* is inapplicable.

3

Cal. May 29, 2020). Indeed, the Court recently granted a request to strike similar nationwide class allegations of unjust enrichment in *Pistacchio v. Apple Inc.*, 4:20-cv-7034-YGR, 2021 WL 949422, at *3 (N.D. Cal. Mar. 11, 2021). In *Pistacchio*, the Court stated:

> Plaintiffs, though, cannot point to a single case in this Circuit to [certify a nationwide unjust enrichment class] since the Ninth Circuit addressed the issue in *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 591 (9th Cir. 2012). This is unsurprising given that, in *Mazza*, the Ninth Circuit unequivocally held that the "elements necessary to establish a claim for unjust enrichment ... vary materially from state to state." *Id.* It is hard to imagine a clearer directive from our Circuit on this issue.

*Id.* (citing *Bias v. Wells Fargo & Company*, 312 F.R.D. 528, 540 (N.D. Cal. 2015)).

- The Court provides leave to amend to address the above deficient allegations. Counsel is reminded of their Rule 11 obligations in addressing the common law claims.[5]

The Court provides leave to amend to Tromble to address the deficiencies in the operative first amended class action complaint, consistent with Tromble's counsel's Rule 11 obligations. *See Roney v. Miller*, 705 F. App'x 670, 671 (9th Cir. 2017) (lower court erred by denying leave to amend after dismissing amended complaint); Fed. R. Civ. P. 15(a) (providing that a trial court should "freely give leave when justice so requires"). Tromble shall file a second amended class action complaint on or before **June 22, 2021**. A response from Western Digital shall be filed on or before **July 20, 2021**. Assuming a renewed motion to dismiss is filed by Western Digital, it shall follow the regular thirty-five (35) day period unless otherwise so stipulated by the parties.

This Order terminates docket numbers 62 and 63.

**IT IS SO ORDERED.**

Dated: May 27, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[5] Moreover, the Court cites to California law, but notes that New York law may control as plaintiff has not addressed which state law applies for these common law claims.

4